IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EUGENE HORTON, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:02 cv 282 MJR |
| ) | |
| DONALD SNYDER, JAMES GOODMAN, ) | |
| and SHELTON FREY, ) | |
| ) | |
|     Defendants. ) | |

**ORDER**

This matter is before the Court on the Motion to Strike filed by the plaintiff, Eugene Horton, on May 2, 2005 (Doc. 57), the Motion for Leave to File an Amended/Supplemental Complaint, filed by Horton on May 11, 2005 (Doc. 59), and the Motion for Court to Impose Sanctions filed by Horton on June 13, 2005 (Doc. 62). For the reasons set forth below the Motion to Strike is **GRANTED**, the Motion to Amend is **DENIED WITHOUT PREJUDICE** and the Motion for Sanctions is **DENIED IN PART and GRANTED IN PART**.

Background

The facts of this case have been listed in previous orders and will not be repeated in detail here. The plaintiff is essentially complaining that he was denied access to the courts by an inadequate law library at the Tamms Correctional Center that prevents him from filing a meaningful post-conviction petition claiming actual innocence. In the first two motions, the plaintiff seeks to amend his complaint to delete certain lines from page 7 of the original complaint and also seeks to amend the complaint to include continuing damages and add the Illinois Department of Corrections as a defendant. In the motion for sanctions the plaintiff

1

alleges that various answers to requests for admissions are hampering his efforts to seeks a resolution to this case.

## Discussion

### Motions to Amend (Doc. 57 and 59)

The plaintiff first seeks to amend the original complaint by deleting lines 10-12 of page 7. These lines read: " . . . in obtaining early relief from a murder that Horton is actually innocent of and from jeopardy of extended term." The plaintiff states that he wishes to delete these lines "due to printing error and unintended meaning." Technically, the plaintiff must reproduce the entire pleading when filing a Federal Rule of Civil Procedure 15 motion to amend pursuant to the requirement in Local Rule 15.1. In this particular instance, however, the Court will not require such a refiling for a minor change. As leave is freely given to amend the complaint and the defendants have not objected, this motion is **GRANTED**.

With respect to the second motion to amend, the chambers of the undersigned judge have not been provided a copy of the complaint, as amended, nor is a copy contained in the Court file. As this Court cannot view the amended complaint, it will not be considered at this time. The plaintiff is, however, given leave re-file this motion with sufficient copies of the proposed amended complaint. Therefore, this motion is **DENIED WITHOUT PREJUDICE**.

### Motion for Sanctions (Doc. 62)

This motion for sanctions concerns certain requests for admissions and requests for production of documents. First, Horton states that the defendants denied the existence of a "Legal Resources Request Form" even though such a form exists. Second, Horton asserts that the defendants' responses to a second request for admissions, specifically requests, 5, 7, 8, 10,

11, and 12, are insufficient and evasive. Horton concludes that defendants' actions have unnecessarily delayed this matter and caused him specific damage, in the form of copying expenses and mailing, in the amount of $226.00.

With respect to Horton's first argument, the defendants have indicated that they amended their response to include the document that Horton requests. Horton, in his reply does not challenge this assertion. Therefore, this motion is moot with respect to this document. The Court reminds Horton that if he already had access to the document, as evidenced by Exhibits B and C which are two such forms signed by Horton in 2002, it was unnecessary to seek it from the defendants.

With respect to the second argument, regarding the responses to the second request for admissions, Federal Rule of Civil Procedure 36 governs the answering of such request and generally provides that the defendant must offer an explanation if the response is neither an admission or a denial. The Rule does not specifically require an explanation when a request is denied but does state that a party may "move to determine the sufficiency of the answers or objections." Horton's second request for admission was filed on May 6, 2005 (Doc. 58). The defendants responded on May 26, 2005 (Doc. 60) and filed objections (Doc. 61). Horton does not specify how the objections are defective but merely indicates that the defendants offer "frivolous argument in their response . . . ." Notwithstanding the plaintiff's vague argument, request 5 seeks an opinion, of sorts, on a hypothetical question. The answer, denied, with an explanation is sufficient. Request 7 seeks an admission regarding the "central questions" in this case – the denial with an explanation is also sufficient.

The remaining requests were objected to. Request 8 seeks information regarding

Goodman's mental history. The defendants are correct in objecting as there is no showing that such a matter is relevant to the plaintiff's claims. Requests 11 and 12 concern the Pontiac Correctional Center and have no bearing to any claim in the complaint. Request 10, however, may be relevant to Horton's claim that he was denied access to the courts by the failure to provide a person adequately trained in the law. While the Court makes no finding on the merit of such a claim, the question of Goodman's educational background may be minimally relevant to whether the prison had provided someone minimally and adequately trained in the law. Therefore, the defendant's objection, that the information is irrelevant, is without merit. The defendants **SHALL** serve an answer to this request within 15 days of the date of this order. The Court will not, however, impose sanctions. There has been absolutely no showing that the defendants have behaved in any manner that would require the imposition of sanctions.

For the foregoing reasons the Motion to Strike filed by Horton on May 2, 2005 is **GRANTED** (Doc. 57), the Motion for Leave to File an Amended/Supplemental Complaint, filed by Horton on May 11, 2005 is **DENIED WITHOUT PREJUDICE** (Doc. 59), and the Motion for Court to Impose Sanctions filed by Horton on June 13, 2005 **DENIED IN PART and GRANTED IN PART** (Doc. 62). Defendants to file answers to second request for admission 10 within 15 days of the date of this order.

**DATED: July 13, 2005**

**s/ Donald G. Wilkerson**
**DONALD G. WILKERSON**
**United States Magistrate Judge**