IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EUGENE HORTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:02-cv-282-MJR |
| ) | |
| DONALD SNYDER, JAMES GOODMAN, ) | |
| and SHELTON FREY, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

This matter has been referred to Magistrate Judge Donald G. Wilkerson by District Judge Michael J. Reagan pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the Motion to Dismiss filed by the defendant, James Goodman, on April 25, 2005 (Doc. 53).  For the reasons set forth below, it is **RECOMMENDED** that the Motion to Dismiss be **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART** and that the Court adopt the following findings of fact and conclusions of law:

FINDINGS OF FACT

On April 1, 2002, the plaintiff, Eugene Horton, who was housed at the Tamms Correctional Center, filed a complaint in which he alleged that he was denied access to the courts.  He states that he attempted to gain information and resources concerning the filing of a post-conviction petition and that his efforts were hampered by the defendants, including James Goodman.  Due to the insufficient law library and legal help, Horton alleges that he was unable to fully brief an actual innocence argument in his post-conviction petition before the state courts.  Horton alleges that had the law library been sufficient, he would have properly filed a claim that

Felton Peck, Jr. had confessed to murder that Horton was convicted of in 1971.

In addition to James Goodman, Horton also had sued the Tamms Warden, George Welborn, and the Director of the Illinois Department of Corrections, Donald Snyder. By an order dated March 24, 2005 (Doc. 47), District Judge Michael J. Reagan dismissed the claims against Welborn and dismissed the claim against Snyder in his individual capacity only. In addition, the current warden of Tamms, Shelton Frey, in his official capacity only, was substituted for Welborn. Both Snyder and Frey filed an answer to the complaint on April 4, 2005.

In his complaint, Horton specifically alleges the following: He was convicted of the murder of Mr. Tomalak in the Cook County Circuit Court in 1971. On August 3, 2000, he received an affidavit from an attorney, Charles W. Nixon, that Felton Peck, Jr. had confessed to the murder of Tomalak. From that time, Horton was allowed access to the law library at Tamms and has searched for legal material relevant to whether he could file a habeas petition based on this new information. At the law library, Horton found that many books and legal materials were missing and that he could find no material on a claim of actual innocence. On August 8, 2001, he contacted Goodman, who was a law clerk at the library, showed him the affidavit, and "informed him for about the sixth time" that the law library materials were insufficient and damaged. Horton states that he prepared a petition challenging his conviction that same day.

On August 15, 2001, Horton states that he formally asked Goodman, via a request, for information concerning the filing of the petition for relief of judgment. Two days later, Horton filed the petition with the Cook County Circuit Court. Horton states that on August 26, 2001, Goodman refused to provide requested legal materials. On that same day, Horton filed a

grievance regarding this matter. On September 4, 2001, the Cook County Circuit Court denied his petition for relief from judgment without an explanation. Subsequently, Horton received no relief pursuant to the prison grievance procedure.

Horton claims that:

> As a direct result of defendants actions[ sic], Horton did not find any law about what circumstances a post or habeas or relief of judgment could be heard many years after the fact, could not include the proper allegations in complaint, has had an unnecessary denial and delay in filing a meaningful claim.[1]

(Complaint at p. 7, ¶17) (all caps omitted)

For relief, Horton seeks a declaratory judgment that the defendants denied him access to legal material, denied him assistance of sufficient legal help, and denied him access to the courts. He also seeks an injunction that would compel the defendants to provide the requested legal material. He also seeks $250,000 in compensatory damages and $500,000 in punitive damages in addition to fees and costs. He also states that any recovery will go towards legal representation regarding the challenge to his criminal conviction.

Due to various rulings in this case, the requests for declaratory relief and damages are directed to defendant Goodman only. The request for an injunction is directed to Snyder and Frey in their official capacity only. The plaintiff is now housed at the Pontiac Correctional Center and Goodman does not work in that facility.

### CONCLUSIONS OF LAW

The defendant is seeking dismissal pursuant to Federal Rules of Civil Procedure 12(b)(6).

---

[1] The quote from the Complaint excludes the lines that the plaintiff sought to strike by a motion (Doc. 57) that was granted on July 13, 2005 (Doc. 65).

Rule 12(b)(6) provides for dismissal if a complaint fails to state a claim upon which relief can be granted. In considering a motion to dismiss, the court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the plaintiff. Patel v. City of Chicago, 383 F.3d 569, 572 (7th Cir. 2004) (discussing a Rule 12(b)(1) motion to dismiss); Jet, Inc. V. Shell Oil, Co., 381 F.3d 627, 629 (7th Cir. 2004) (discussing a Rule 12(b)(6) motion to dismiss). A complaint can only be dismissed if "there is no possible interpretation of the complaint under which it can state a claim." Treadway v. Gateway Chevrolet Oldsmobile, Inc., 362 F.3d 971, 981 (7th Cir. 2004). Goodman's only argument is that the plaintiff's complaint is barred by the holding in Heck v. Humphrey, 512 U.S. 477 (1994).

The complaint essentially alleges that Horton was denied access to the courts because of an inadequate law library and legal assistance and that this denial caused him to fail to file a proper and timely post-conviction petition. In Bounds v. Smith, 430 U.S. 817 (1977), the Supreme Court held that as part of the state's affirmative duty to provide access to the courts, they must "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds, 430 U.S. at 828. This right, however, does not stand alone as "the very point of recognizing any access claim is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong." Christopher v. Harbury, 536 U.S. 403, 414-415 (2002); See also Lewis v. Casey, 518 U.S. 343, 351 (1996). That is, an access to courts claim is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." Christopher, 536 U.S. at 416. This right also is limited: a prisoner is not entitled to the best available legal assistance possible, any specific legal assistance, nor is he

4

entitled to legal help concerning every possible case that may be filed. Lehn v. Holmes, 364 F.3d 862, 868-869 (7th Cir. 2004).

In Heck, the petitioner, Roy Heck, was convicted of voluntary manslaughter and was serving a fifteen year sentence. Heck filed a suit for damages pursuant to 42 U.S.C. §1983 alleging that he was convicted based on an unlawful investigation and arrest, that the prosecutor failed to submit exculpatory evidence, and that improper evidence was used at trial. The District Court dismissed the lawsuit and the Seventh Circuit Court of Appeals affirmed on the basis that the suit was a habeas corpus petition and Heck had failed to exhaust state remedies. 512 U.S. at 479-480. In affirming, the Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 486-487 (footnotes omitted).

Thus, in general terms, if a plaintiff files suit under §1983 for damages in which he is essentially challenging the validity of his criminal conviction, the suit must be dismissed unless the

conviction has been invalidated in some manner.  See Gauger v. Hendle, 349 F.3d 354, 362 (7th Cir. 2003) ("Heck, to repeat, says that a criminal defendant can't sue for damages for violation of his civil rights, if the ground of his suit is inconsistent with his conviction having been constitutional, until he gets the conviction thrown out.").  The defendant argues that as this access to courts claim is secondary to what would otherwise be a habeas claim, it is barred and the plaintiff must pursue such a claim in accordance with habeas law.

The defendant further relies on Nance v. Vieregge, 147 F.3d 589 (7th Cir. 1998).  In that case, an inmate, Fred Nance, was transferred from one institution to another in order to be closer to the court where he was going to seek to withdraw a guilty plea.  During the transfer, a box of legal papers, relevant to Nance's motion to withdraw his guilty plea, was inadvertently sent to another institution.  Nance filed suit under §1983 alleging that prison officials had denied him access to the courts by misdirecting his legal papers.  In affirming the dismissal of the case, the Seventh Circuit stated that:

> But Nance does not protest an ongoing hindrance or contend that another deprivation of legal materials is likely. He has been released from the state's custody. Only damages are available. But damages for what injury? If the injury in question is losing the underlying case, then Heck [] comes into play. Heck holds that a damages remedy that necessarily implies the invalidity of a criminal conviction . . . is impermissible while that conviction stands. Nance pleaded guilty; his motion to withdraw the plea was denied; and although the prison's unconstitutional hindrance of his efforts to withdraw the plea (if that is what occurred) would be a good ground for a new hearing on the motion to set aside the plea, it would not establish that Nance is entitled to damages for wrongful incarceration--not unless he went to trial and was acquitted, or the invalidity of his incarceration was established in some other fashion.

Id. at 591.

The Court went on to state that:

> The holding of Lewis that a claim based on deprivation of access to the courts requires proof of concrete injury, combined with the holding of Heck, means that a prisoner in Nance's position must have the judgment annulled before damages are available for wrongful imprisonment.
>
> Id. at 591.

Both Nance and Hoard v. Reddy, 175 F.3d 531, 533-534 (1999), stand for the proposition that if a plaintiff in an access to courts claim, who states that a challenge to an underlying conviction was hindered, is seeking damages, such a remedy is only available if the underlying conviction has been vacated or expunged.  The relief of damages would necessarily imply the invalidity of the underlying conviction, in contravention of Heck, because in order to succeed on his claim such a plaintiff would have to allege a concrete injury required by Lewis.[2]  In such an access to courts claim, the concrete injury can only be wrongful imprisonment: the right to access to courts, in-and-of-itself, does not generate an injury independent of the underlying claim.  As such, Horton cannot seek damages for this claim unless he alleges that his conviction has been expunged (which he has not).[3]  It does not follow, however, that Horton's entire claim against Goodman should be dismissed based on this principle.  Horton is also seeking

---

[2] Lewis reiterated the requirement of actual injury in order for a plaintiff to have standing to sue.  518 U.S. at 348-355.

[3] In accordance with Glaus v. Anderson, 408 F.3d 382 (7th Cir. 2005), even though this case is not directly on point, this Court further RECOMMENDS, should the District Court adopt this Recommendation, that Horton be informed that the Court is not making a final decision on the merits of his damages claim.  He should also be informed that he may file his damages claim, as a separate lawsuit, once his underlying conviction has been expunged or otherwise vacated.  In addition, Horton should also be informed that any such lawsuit would be subject to substantive and procedural requirements including provisions that prevent the filing of frivolous lawsuits.

declaratory relief: that Goodman hindered his efforts to pursue his habeas petition. Neither Nance nor Hoard prevent Horton from seeking such relief prior to the expungement of his criminal conviction; and, §1983 provides for such declaratory relief. Although, it should be made clear that Horton may only seek such relief with respect to the access to courts claim and not with respect to the underlying conviction.[4] That is, he cannot seek a declaration, in this lawsuit, that he was wrongfully convicted.

For the reasons set forth above, it is **RECOMMENDED** that the Motion to Dismiss filed by the defendant, James Goodman, on April 25, 2005 be **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART** (Doc. 53), this the Court **DISMISS WITHOUT PREJUDICE** Horton's claim for damages, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: August 10, 2005**

> **s/ Donald G. Wilkerson**
> **DONALD G. WILKERSON**
> **United States Magistrate Judge**

---

[4] In addition, as the defendant points out, he is no longer employed at the institution where Horton is housed. Therefore, Horton cannot seek injunctive relief against him as a matter of law.