IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EUGENE HORTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 02-cv-0282-MJR |
| | ) |
| DONALD SNYDER, | ) |
| JAMES GOODMAN, and | ) |
| SHELTON FREY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

In April 2002, Eugene Horton filed a § 1983 action for declaratory, injunctive, and monetary relief, alleging that he was denied access to the courts because his prison's library materials are insufficient. The Court referred the case to United State Magistrate Judge Gerald B. Cohn (Doc. 4), and later to United States Magistrate Judge Donald G. Wilkerson (Doc. 42). All Defendants except one were terminated. Defendant filed a timely motion to dismiss the case (Doc. 52).

On August 10, 2005, Magistrate Judge Proud submitted a Report recommending that the undersigned District Judge grant the motion in part and deny it in part. Specifically, it recommended that Plaintiff's claim for damages be dismissed without prejudice. The Report (Doc. 75) was sent to all parties with a Notice advising them that any objections must be filed by August 29, 2005. No objections were filed, and the deadline expired. On September 23, 2005, the Court adopted Magistrate Judge Proud's Report and Recommendation, dismissing Plaintiff's claim for damages with prejudice (Doc. 77).

1

On October 12, 2005, Plaintiff moved for reconsideration of the Court's adoption of the Report and Recommendation (Doc. 80).  Plaintiff notes that the Report recommended that the damages claim be dismissed without prejudice, but that the Court dismissed it with prejudice.  This is the extent of the motion to reconsider.

The Federal Rules of Civil Procedure do not specifically mention motions to reconsider. However, the Seventh Circuit has held that motions challenging the merits of district court orders and judgments should be treated as filed under either Rule 59(e) or Rule 60(b). ***See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994).**  Motions to reconsider filed within ten days of the original ruling are treated under the former rule, and those filed more than ten days after the original ruling  are treated under the latter.  ***See Britton v. Swift Transp. Co., Inc.*, 127 F.3d 616, 618 (7th Cir. 1997); *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 750 (7th Cir. 1995); *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992).**  Plaintiff's motion, being filed twenty days after the ruling on the motion to remand, clearly falls under Rule 60(b).

Rule 60(b) permits a district court to relieve a party from an order or judgment on the following narrow grounds:  mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or "any other reason justifying relief" from operation of the judgment or order. A Rule 60(b) motion cannot be used to correct simple legal errors.  "Rather, it exists to allow courts to overturn decisions where 'special circumstances' justify an '*extraordinary remedy*.'" ***Cash v. Illinois Div. of Mental Health*, 209 F.3d 695, 698 (7th Cir. 2000)(emphasis added).**  The Seventh Circuit has emphasized that Rule 60(b) imposes an "exacting standard" under which the movant must demonstrate *exceptional circumstances* to prevail. ***See Romo v. Gulf Stream Coach*, 250 F.3d 1119, 1121 n.3 (7th Cir. 2001).**

This is one of those rare cases in which exceptional or extraordinary circumstances exist. The Court simply made a mistake in dismissing the damages claim with prejudice when it intended to do so without prejudice.

Accordingly, the decision of the Court (Doc. 77) is **VACATED**, and the Court **DIRECTS** the Clerk of Court to **DISMISS WITHOUT PREJUDICE** Plaintiff's claim for damages. Plaintiff's claims for declaratory and injunctive relief are unaffected by this order.

**IT IS SO ORDERED.**

**DATED this 13th day of January, 2006.**

<u>s/Michael J. Reagan</u>
**MICHAEL J. REAGAN**
**United States District Judge**